IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOE WILLIAMS                                                                                      PLAINTIFF

v.                                               Civil No. 4:19-CV-04126

ZANE BUTLER (Sergeant, Ashdown Police                                        DEFENDANTS
Department), MICKEY BUCHANAN (Public
Defender), GINA BUTLER (Jail
Administrator), ALWIN SMITH (Prosecutor)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on September 12, 2019. (ECF No. 2). It was transferred to this District on September 17, 2019. (ECF No. 4). On October 15, 2019, the Court entered an Order directing Plaintiff to file an Amended Complaint, and Plaintiff did so on November 4, 2019. (ECF No. 9).

Plaintiff alleges his constitutional rights were violated in 2018 and 2019 with his arrest and incarceration in the Little River County Detention Center in Ashdown, Arkansas. (ECF No. 9 at 2-8). As background to his claims, Plaintiff states he was arrested and charged with possession of

1

methamphetamine in Case No. 44CR-18-76 in the Circuit Court of Little River County, Arkansas. These charges were ultimately dismissed. (*Id*. at 2). Plaintiff identified Defendant Zane Butler as the arresting officer. (*Id*. at 4). Plaintiff first alleges that Defendants Zane Butler, Buchanan, and Smith denied him access to unmodified video from the EZ Mart store from May of 2018 through July of 2018. (*Id*. at 5). Plaintiff next alleges he was given the wrong blood pressure medication "more than one time" while in the county jail because Defendant Gina Butler, the Jail Administrator, permitted jailers to pass out medication. (*Id*. at 6). He further alleges an issue with the condition of his cell, stating:

> The cell I was in with 2 other men had to open drain for waste no more than a feet where we sleep and the toxic from other cells get bad when got to us and we had to eat in cell.

(*Id*. at 6). The Court will interpret this statement to mean that there was in issue with the functioning of the toilet in the cell. Finally, Plaintiff alleges that Defendant Buchanan, his Public Defender, did not try to defend him. (*Id*. at 7).

Plaintiff proceeds against all Defendants for all claims in their official capacity alone. (*Id*. at 5-7). He seeks compensatory damages and "to get these sentences reversed" so he could go home to his family.[1] (*Id*. at 8).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff is currently incarcerated in the Arkansas Department of Correction. A review of his cases in Little River County indicates three criminal cases were filed against Plaintiff in the years of 2018 and 2019. Case No. 41-CR-18-76 was filed on June 4, 2018, and was dismissed. Case No. 41CR-19-20 was filed on March 4, 2019. Case No. 41CR-19-44 was filed on May 13, 2019. Plaintiff plead guilty to felony drug charges in both cases on July 16, 2019, and was sentenced on July 30, 2019. Information available on Arkansas Court Connect (last accessed Feb. 21, 2020).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Prosecutor Alwin Smith

Plaintiff's claims against Defendant Smith, a prosecutor, are subject to dismissal. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized." ) (internal quotation omitted). Plaintiff's claims against Defendant Smith should be dismissed.

### B. Public Defender Mickey Buchanan

Plaintiff's claim of inadequate legal assistance against Defendant Buchanan, a public defender, is subject to dismissal. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983). Plaintiff's claims against Defendant Buchanan should be dismissed.

### C. Official Capacity Claims – Defendants Zane and Gina Butler

Plaintiff proceeds against these Defendants solely in their official capacity. He fails to state any plausible official capacity claims against them. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff alleges that Defendant Zane Butler arrested him and was involved in denying him access to an unmodified version of his arrest video. Nothing in this allegation either states, or permits the inference, that a custom or policy of Little River County was responsible for any violation of Plaintiff's rights.

Plaintiff also alleges that Defendant Gina Butler permitted jailers to pass out medication, which resulted in Plaintiff receiving the wrong blood pressure medication on more than one occasion. For purposes of pre-service screening, this allegation permits the inference that the facility had a custom or policy of using jailers to pass out medication. It does not, however, state a claim of constitutional dimension. *See, e.g., McClain v. Howard*, 2015 WL 6123063, at *9 (W.D. Ark. Sept. 21, 2015) (claim that medically trained staff do not pass out medication fails to state a claim of constitutional dimension); *Daniel v. George*, 2015 WL 3970787, at *4 (M.D. Tenn. June 29, 2015) (fact that guards were distributing medication did not state a constitutional claim); *Booker v. Herman*, 2006 WL 2457230, at *5 (N.D. Ind. Aug. 22, 2006) ("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates. This allegation states no claim upon which relief can be granted."). Plaintiff also does not allege that he was actually harmed by any errors on the part of jail staff in passing out medication. At most, Plaintiff has stated a claim for ordinary negligence, which is not actionable under § 1983.

Finally, Plaintiff alleges that he was subjected to an improperly functioning toilet in his cell. This allegation also permits the inference that the facility had a custom of not keeping the jail's plumbing in good repair. Again, however, Plaintiff's allegations do not state a claim of constitutional dimension. "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Plaintiff has not alleged he suffered any

5

actual physical injury from an improperly functioning toilet. Further, even exposure to raw sewage does not automatically constitute an Eighth Amendment violation. *Smith v. Copeland*, 87 F.3d 265 (8th Cir. 1996) ("[N]ot every overflowed toilet in a prison amounts to a constitutional violation.").

Plaintiff, therefore, failed to state any plausible official capacity claims against these Defendants.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. As the dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g), I further recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of February 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE